IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MICHAEL LINK BEARFIELD,

    Petitioner,

v.                                          Civil Action No. 3:16CV344

CARLTON JOYNER, et al.,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered May 11, 2016, the United States District Court for the Eastern District of North Carolina denied as untimely a 28 U.S.C. § 2254 Petition filed by Michael Link Bearfield, challenging his 2013 convictions in the Wake County, North Carolina Superior Court. (ECF No. 1, at 1; ECF No. 1-8, at 2-4.) On June 7, 2016, this Court received a successive, unauthorized 28 U.S.C. § 2254 from Bearfield challenging his 2013 convictions in the Wake County Superior Court.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Bearfield has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition, this Court lacks jurisdiction to entertain the present § 2254 petition.[1] Accordingly, the action will be dismissed for lack of jurisdiction.[2] A certificate of appealability will be denied.

To the extent Bearfield intends to appeal the decision of the United States District Court for the Eastern District of North Carolina, he must note his appeal with that court.

---

[1] The Eastern District of Virginia is also not the appropriate jurisdiction to file a § 2254 petition challenging Wake County, North Carolina convictions. Because it is apparent from the record that the Court lacks jurisdiction to entertain the successive § 2254 Petition, the Court nevertheless, dismisses it without transferring the action.

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Bearfield fails to satisfy this standard.

The Clerk is directed to send a copy of this Memorandum Opinion to Bearfield.

It is so ORDERED.

Date: June 23, 2016
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge